# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DIANE S. WASSER,**

       **Plaintiff,**

**v.**                                                   **Case No: 6:12-cv-1399-Orl-31DAB**

**COMMISSIONER OF SOCIAL SECURITY,**

       **Defendant.**

## ORDER

This matter is before the Court without a hearing on the Complaint filed by the Plaintiff on September 12, 2012 (Doc. 1) for judicial review of the final decision of the Acting Commissioner of Social Security Administration (the "Commissioner") to deny her claim for disability insurance benefits and supplemental security income. On November 7, 2013 the United States Magistrate Judge issued a Report and Recommendation ("R&R") (Doc. 20) that recommended the Commissioner's decision be affirmed. On November 18, 2013 the Plaintiff filed her objection to the Magistrate's R&R ("Objection") (Doc. 21). The Commissioner responded to the Objection (Doc. 23). Upon de novo review of the record and the Objection, the Court concludes that the R&R should be confirmed and adopted.[1]

### I. Standard of Review

A district court's review of a final decision by the Social Security Administration ("SSA") is limited to determining whether the Administrative Law Judge's ("ALJ") factual findings are

---

[1] The procedural and medical history are set forth in the R&R.

supported by substantial evidence, *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir.2005) (*per curiam*), and whether the ALJ applied the correct legal standards, *Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir.1988). The SSA's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g); *Dyer*, 395 F.3d at 1210. "Substantial evidence is more than a scintilla, and must do more than create a suspicion of the existence of the fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Walden v. Schweiker*, 672 F.2d 835, 838–39 (11th Cir.1982) (internal quotations omitted).

The court "must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [SSA's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir.1986) (*per curiam*) (citing *Tieniber v. Heckler*, 720 F.2d 1251, 1253 (11th Cir.1983)). Where the SSA's decision is supported by substantial evidence, the court will affirm, even if the court finds that the proof preponderates against the decision. *Dyer*, 395 F.3d at 1210. The court may not reweigh the evidence or substitute its own judgment. *Id.*

While there is a presumption in favor of the SSA's findings of fact, no such presumption attaches to the ALJ's legal conclusion about the proper standards to be applied in evaluating claims. *Welch v. Bowen*, 854 F.2d 436, 438 (11th Cir.1988) (*per curiam*). Therefore, the court will reverse if the SSA incorrectly applied the law, or if the decision fails to provide the court with sufficient reasoning to determine that the SSA properly applied the law. *Keeton v. Dep't of Health & Human Serv's*, 21 F.3d 1064, 1066 (11 th Cir.1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir.1991)).

**II.    Analysis**

The Plaintiff's Objection asserts this determination was in error because the ALJ failed to apply the correct legal standard to records from the National Pain Institute ("NPI") and Dr. James

K. Shea and that the Magistrate erred in failing to rule on alleged mischaracterizations of evidence and relied on post hoc reasoning.

Plaintiff argues that the ALJ mischaracterized NPI records, and thereby applied an incorrect legal standard.[2] (Doc. 21 at 2-4). Plaintiff appears to argue that some of the record evidence cited gives a false impression of her condition in May 2009 due to an automobile versus pedestrian accident. (Doc. 21 at 3-4).[3] The ALJ discussed the automobile accident and her subsequent recovery in which he stated the Plaintiff "did well" with full-time rehab and cited to supporting record material. (R. 20). That material, as well as the NPI records themselves support the ALJ's discounting of the Plaintiff's subjective assertions of limited quality of life and limited functional mobility contained within the NPI records.

The Plaintiff asserts that the basis for the ALJ discounting Dr. Shea's opinion was due to a mischaracterization of NPI records. As addressed above and more completely in the R&R, there was competent evidence supporting the ALJ's handling of NPI's records. Thus, the evaluation of those records in relationship to Dr. Shea's opinion was supported by competent substantial evidence.

The Plaintiff asserts the Magistrate erred in two ways with regard to his review of Dr. Shea's opinion. First, the Plaintiff asserts that the Magistrate failed to rule on her mischaracterization argument. This is not correct; the Magistrate reviewed and summarized Plaintiff's

---

[2] The Objection, for the first time, asserts that the ALJ failed to consider certain longitudinal evidence and did not specify the weight he accorded certain NPI records. (Doc. 21 at 2-4). These arguments were not raised to the Magistrate Judge, and are therefore waived. *See Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009).

[3] Plaintiff's argument that the report of a 60% improvement in pain might have been intended to report the improvement in pain relative to her May 2009 automobile accident is contradicted by earlier and later NPI records. (R. at 451 (report of 60% improvement of pain on medication regimen noted on March 4, 2009); R. at 428 (report of 60% improvement of pain on medication regimen noted on July 24, 2009).

mischaracterization argument and then explicitly held that "the ALJ's evaluation of Dr. Shea's opinion was based on substantial evidence." (Doc. 20 at 15). Second, Plaintiff asserts that the Magistrate relied on post hoc reasoning as a substitute for the ALJ's reasoning. It is clear that the Magistrate cited to additional record material that supported the ALJ's determination, specifically that Plaintiff received no additional medical attention after December 2009. (Doc. 20 at 15). However, there is no indication that this supporting material substituted the ALJ's reasoning. The Magistrate's introductory language "[e]specially in light of the fact that . . . ." (*Id.*) indicates that this was merely additional record information that was reviewed by the Magistrate. Nowhere does the Magistrate ascribe this reasoning to the ALJ or state that it substituted the ALJ's reasoning, therefore it does not invalidate the previous rulings. *See Surber v. Comm'r of Soc. Sec. Admin.*, 3:11-CV-1235-J-MCR, 2013 WL 806325 (M.D. Fla. Mar. 5, 2013) (noting permissibility of referencing additional record material in support of ALJ's decision where additional material does not revise ALJ's rationale).

Therefore, it is **ORDERED** as follows:

1. The Report and Recommendation (Doc. 20) is **CONFIRMED** and **ADOPTED** as part of this order.

2. The decision of the Commissioner of Social Security Administration is **AFFIRMED**.

3. The Clerk is directed to enter judgment in accordance with this Order and thereafter close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on January 13, 2014.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party